UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRIANTE JALAPENO SUMBRY,

        Plaintiff,

vs.                                Case No. 2:07-cv-152-FtM-34SPC

INDIANA GOVERNOR; INDIANA ATTORNEY
GENERAL,

        Defendants.
_____

## ORDER OF DISMISSAL[1]

This matter comes before the Court upon review of the file. Plaintiff, who is currently incarcerated by the Indiana Department of Corrections and who is proceeding *pro se*, filed an untitled, one-page pleading, which the Court construes as a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Complaint is difficult to read and appears to include code. Plaintiff names the Governor and the Attorney General of Indiana as Defendants and alleges that he was unlawfully arrested on June 2, 1998. The Court is unable to decipher what relief Plaintiff requests. Plaintiff has not filed the requisite $350.00 filing fee or a motion to proceed *in forma pauperis*.

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Additionally, the Court may consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir. 1998). Here, the Court takes judicial notice that Plaintiff has been deemed a "three striker" and has filed at least 32 civil rights actions. See U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. In fact, on March 30, 2004, the United States Court of Appeals for the Seventh Circuit sanctioned Plaintiff and blocked future filings. Montgomery v. Davis, 362 F.3d 956 (7th Cir. 2004). Because Plaintiff has had three or more qualifying dismissals and it does not appear that he is in imminent

danger of serious physical injury, this action will be dismissed without prejudice.

Additionally, the incident contained in the Complaint appears to have occurred in state of Indiana, where Plaintiff is currently incarcerated. A civil action not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Because none of the Defendants named in the Complaint *sub judice* reside in the state of Florida and the incident giving rise to the Complaint occurred in Indiana, this Court is not the proper venue.

Further, 28 U.S.C. § 1406(a) provides that the Court shall dismiss an action when it is not the proper venue unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. It is apparent that Plaintiff filed the Complaint *sub judice* in state of Florida because of the sanctions entered against Plaintiff in the state of Indiana. It is not in the interests of justice to transfer this case.

ACCORDINGLY, it is hereby

ORDERED:

1. Plaintiff's Complaint is **DISMISSED** without prejudice for lack of proper venue and pursuant to 28 U.S.C. § 1915(g).

2. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 1st day of May, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record